IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

_____

**BAXTER BAILEY & ASSOCIATES, INC.**

    **Plaintiff,**                                    **CASE NO.: 3:23-mc-9999.**
                                                                          **JURY DEMANDED**

**vs.**

**MODE TRANSPORTATION, LLC and**
**SUNTECK TRANSPORT CO.,**

    **Defendants.**

_____

### COMPLAINT FOR DECLARATORY JUDGMENT
_____

**TO THE HONORABLE JUDGE OF SAID COURT:**

    Comes Now, Plaintiff, Baxter Bailey & Associates, Inc. and files Plaintiff's Complaint against the Defendants, Mode Transportation, LLC, and Sunteck Transport Co.

### PARTIES

1.    Plaintiff, Baxter Bailey & Associates, Inc. (hereinafter "Plaintiff" or "Baxter") is a licensed collections agency authorized to do business in Tennessee and registered to do so. Baxter has a principal address at 6858 Swinnea Rd., Bldg. #4., Southaven, MS 38671.

2.    Defendant Mode Transportation, LLC (hereinafter "Mode" or "Defendant"), is based out of Texas with a headquarters located at 14785 Preston Road, Suite 850, Dallas, TX 75254  Mode does business also in the State of Tennessee with a location at 3175 Lenox Park Blvd Ste 108 Memphis, TN, 38115-4256. Mode is authorized to do business in Tennessee with a Registered Agent: Corporation Service Company located at 2908 Poston Avenue, Nashville, TN 37203-1312.

3. Defendant Sunteck Transport Co. (hereinafter "Sunteck" or "Defendant") is an corporation that was located in the 6413 Congress Ave, Boca Raton, FL 33487 at the time of the agreement at issue in this matter. Sunteck was authorized to do business in the State of Tennessee at the time of the agreement at issue in this matter. Upon information and belief, Sunteck may be served through its Registered Agent, Corporation Service Company at 1201 Hays Street, Tallahassed, FL 32301-2525.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 2201 (Declaratory Judgment Act).

5. The settlement agreement between Baxter and Sunteck that is the subject of this declaratory judgment action includes a jurisdiction clause dictating that this action be brought in the State of Tennessee. Further, the litigation that precipitated the settlement agreement took place in the United States District Court for the Middle District of Tennessee. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391.

6. This court also has diversity jurisdiction over this cause of action pursuant to 28 U.S.C. §1332(a)(1) as the amount in controversy exceeds $75,000.00 and there is complete diversity of the parties involved.

7. Venue is properly set in this District pursuant to 28 U.S.C. §1391(b) since Defendants transact business within this judicial district. Likewise, Plaintiff, the harmed party is licensed and registered to do business in the State of Tennessee.

8. This court has personal jurisdiction over Defendants pursuant to and consistent with the Constitutional requirements of Due Process in that Defendants, acting through their agents or apparent agents, committed one or more of the following:

    a. The transaction of any business within the state;

    b. The making of any contract within the state;

    c. The commission of a tortious act within this state; and

    d. The ownership, use, or possession of any real estate situated within this state

## FACTUAL BACKGROUND

9. On or about March 25, 2013, Sunteck filed an action in United States District Court for the Middle District of Tennessee against Baxter for injunctive relief and damages for tortious interference of a business relationship among other things. (*Sunteck, Transport Co., Inc. v. Baxter Bailey & Associates, Inc, et al.,* Case No. 3:13-cv-00271)

10. In August 2016, after discovery and motions, the parties were able to resolve the matter and enter into a confidential settlement agreement. ("Agreement")[1]

11. The only parties to the Agreement were Sunteck and Baxter. It included the parties "parents, successors, assignors, assignees, subsidiaries, and affiliates. . . ." at the time of signing (2016).

12. In November 2019, Mode acquired Sunteck Inc. for approximately $2.3 billion according to online sources.

13. Baxter is a freight collections company and collects freight debt from brokers such as Mode and Sunteck on a regular basis.

---

[1] The Agreement includes a confidentiality clause and will have to be filed under seal and/or provided to the Court outside of the public record.

14. Baxter has debt assigned to it that it is currently attempting to collect from Mode; however Mode is attempting to use the Agreement entered into by Sunteck to prevent Baxter from collecting debt from Mode.

15. Mode and its attorneys have sent both letters and emails stating that The Agreement applies to Sunteck's "parents, successors, assignors, assignees, subsidiaries, and affiliates. . . ." As such, Mode claims it is an affiliate of Sunteck and can apply the Agreement to any dispute involving Mode and Baxter.

16. On September 6, 2022, Mode's counsel Kevin Capuzzi sent a letter to Baxter and its counsel outlining Mode's position. Mr. Capuzzi's letter stated the following, which provided Mode's stance.

> "Baxter Bailey's argument that the Agreement is null and void due to changes in Sunteck's corporate structure is simply wrong. The Agreement is binding on the "successors, affiliates, subsidiaries and assigns" of both Sunteck and Baxter Bailey. See Agreement ¶ 4. Pursuant to the foregoing language and well-established principles of law, Sunteck's conversion from a corporation to a limited liability company does not void the Agreement as Sunteck Transport Co., LLC is a successor of Sunteck Transport Co...."

17. Specifically, Mode's position is that Baxter has to abide by the Agreement since Sunteck was bought by Mode. Mode is attempting to use the Agreement to protect itself from any collection attempts by Baxter.

18. In entering the Agreement, Baxter Bailey had no intention of the terms applying to any other party except for Sunteck.

19. The agreement and language applies to relationships that were intact in 2016, not unforeseen circumstances, mergers or acquisitions that took place in the future. Mode was not an affiliate of Sunteck in 2016 and was a completely different corporate entity.

20. Baxter had no knowledge that Mode would purchase Sunteck at the time it signed the Agreement.

21. Under Mode's reasoning, it could keep purchasing brokerages and Baxter would have to adhere to the conditions of the Agreement for every brokerage purchased. Baxter has lost time and resources in attempting to get Mode to abide by the Agreement and has suffered damages due to such.

## **DECLARATORY RELIEF**

22. The Agreement and its wording only apply to "parents, successors, assignors, assignees, subsidiaries, and affiliates. . . ." that existed in 2016, at the time of signing, and not to unanticipated events, mergers, or acquisitions that took transpired in the future.
In 2016, Mode was not an affiliated company of Sunteck.

23. In 2016, Mode was not a parent, successor, assignor, assignee, subsidiary, nor affiliate of Sunteck. The Agreement does not contemplate future acquisitions of Sunteck.

24. Baxter has collected from Mode for many years, including during the time that Sunteck and Baxter litigated against each other and entered into the Agreement. Baxter had no intention to ever include Mode in the Agreement and did not agree to such.

25. Accordingly, Baxter is entitled to a declaration that the Agreement does not apply to Mode and that Baxter does not have to abide by the Agreement with respect to Mode collections.

## **PRAYER FOR RELIEF**

Baxter respectfully requests that the Court

26. Enter judgment according to the declaratory relief sought;

27. Award Baxter its costs and attorney's fees in this action;

28. Enter such other further relief to which Baxter may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 7.03, Baxter hereby demands a jury trial on all issues so triable.

Respectfully submitted,

s/ Edgar Davison
Edgar Davison, TN Bar No. 024388
6000 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
(901) 230-7749
edgar@davisonlawfirm.net

*Attorney for Plaintiff*